# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda Gaffney, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 5:11-1549-RMG<br><br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on November 30, 2012, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 24). The Commissioner filed a "limited objection" to a portion of the Report and Recommendation relating to the mental and physical Residual Functional Capacity analysis done by the Administrative Law Judge ("ALJ"). (Dkt. No. 26). The Commissioner filed no objection to the balance of the Report and Recommendation, including sections recommending reversal and remand on the basis of: a failure to properly consider the testimony of Plaintiff's examining mental health expert, Dr. Todd Morton, under the standards of 20 C.F.R. § 404.1527; failure to consider Plaintiff's anxiety as a severe impairment; and failure to properly consider Plaintiff's lack of mental health treatment until

-1-

2010 in light of the considerations of limited access and inadequate financial resources, as required by Social Security Ruling 96-7P, 1996 WL 374186 (July 2, 1996). (Dkt. No. 24 at 15-23). Plaintiff filed a response to the Commissioner's "limited objection," asserting that the entirety of the Magistrate Judge's Report and Recommendation should be affirmed. (Dkt. No.27). As set forth below, the Court adopts all portions of the Report and Recommendation except Sections (C)(4) and (C)(5), reverses the decision of the Commissioner, and remands for further action consistent with this opinion.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the

findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating and examining physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion [the Commissioner] receive[s]." *Id.* § 404.1527(c). The Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treating relationship, supportability of the opinions in the medical record, consistency, and whether the treating or examining physician is a specialist in the area for which he gave an opinion. 20 C.F.R. §§ 404.1527(c)(1)-(5). Thus, the Commissioner generally "give[s] more weight to the opinion of a source who has examined [a claimant] than to the opinion of a source who has not examined [a claimant]." *Id.* § 404.1527(c)(1). Further, the Commissioner is obligated to give "good reasons" in the written decision for the weight given to a treating or examining source's opinions. SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996).

It is well settled that a claimant in a Social Security disability proceeding should not be penalized for failure to utilize medical care, treatment or medications because of a lack of financial resources or inadequate access to medical care. As the Fourth Circuit stated in *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984), "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help

him." For this reason, Social Security Ruling 96-7P requires adjudicators to consider the reasons for a claimant's failure to obtain or comply with medical treatment, including an inability to afford treatment or access free or low-cost medical services. *See* SSR 96-7P, 1996 WL 374186, at *8 (July 2, 1996).

## Discussion

The Magistrate Judge has ably summarized the factual issues in this matter and this Court will not attempt to duplicate this effort. The Court notes that Plaintiff submitted a psychological assessment by Dr. Todd Morton, an examining physician, that provided considerable support for Plaintiff's claim that her acknowledged severe mental impairment significantly interfered with her vocational functioning. Transcript of Record ("Tr.") at 236-37. Many of Dr. Morton's opinions appeared to be uncontested in the case record. Rather than evaluate this expert opinion under the standards set forth under § 404.1527, the ALJ elected to give Dr. Morton's opinions "little weight" because he deemed the assessment not to be "impartial objective evidence of the claimant's mental functional ability, as Dr. Morton examined the claimant at the request of her attorney." Tr. at 17. He also observed that Dr. Morton saw the claimant on only one occasion. *Id.*

This critique of the retained medical expert testimony of Plaintiff by the ALJ strikes the Court as very odd. After all, it is not uncommon in Social Security disability proceedings for the Commissioner to offer as evidence chart reviews by medical doctors who are compensated by the Social Security Administration or cooperating state agencies. Frequently, these chart reviewers have never examined or treated the claimant. There is no problem inherent in parties retaining paid expert testimony in these proceedings. Indeed, this is necessary for the Court to be exposed to the full scope of potential medical opinions in a particular matter. This record evidence must simply be

evaluated under applicable legal standards, most notably here the provisions of § 404.1527 that provide some deference to the opinions of examining and treating physicians. The Court fully agrees with the Magistrate Judge that reversal and remand are necessary for the fact finder to properly evaluate the opinions of Dr. Morton.

The Court also finds it necessary to comment on the ALJ's analysis of the claimant's credibility, particularly as it pertains to Plaintiff's alleged non-compliance with certain recommended treatment and limited pursuit of mental health treatment. Tr. at 17. The record demonstrates that Plaintiff received the bulk of her medical care from a free clinic, which certainly raises the issue of affordability and access to medical care and medications. Further, Dr. Morton's description of Plaintiff's typical day, which involves being homebound, crying and having little appetite, might well suggest a degree of mental impairment that may interfere with normal reasoning and function. On remand, if the ALJ elects to challenge the credibility of Plaintiff, the specific causes of her limited receipt of medical treatment and compliance with recommended treatment should be fully explored in light of applicable legal standards, including Social Security Ruling 96-7P.

The Court has elected not to adopt Sections (C)(4) and (5) since the Court views the Commissioner's objections as mostly a semantic dispute with the Magistrate Judge's Report and Recommendation regarding the role of medical evidence in the Residual Functional Capacity analysis. Since the ALJ will need to reconsider his Residual Functional Capacity analysis after a proper evaluation and weighing of the expert testimony and Plaintiff's credibility, the Court finds no need to adopt Sections (C)(4) and (5) of the Magistrate Judge's Report and Recommendation.[1]

---

[1] The Court does, however, agree with the Magistrate Judge's statement that the ALJ should address the obesity issue as part of the Residual Functional Capacity analysis. (Dkt. No. 24 at 30).

**Conclusion**

Based upon the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, with the exception of Sections (C)(4) and (C)(5), **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

January 18, 2013
Charleston, South Carolina