# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Linda Gaffney, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:11-1549-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 34). Plaintiff seeks an award of $ 8,730.00 based upon 45 hours of attorney's time compensated at $180 per hour and 7 hours of paralegal time compensated at $ 90.00 per hour. (Dkt. No. 34-1 at 10-11). Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees requested are reasonable. (Dkt. No. 34-1). Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 35).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in

law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

This Court reversed the decision of the Commissioner denying Plaintiff Social Security disability benefits because the Administrative Law Judge ("ALJ") provided only limited weight to the opinions of an examining expert, Dr. Todd Morton, due to the fact that the medical provider had examined the claimant at the request of her attorney. The Court found that the ALJ's limited consideration of the examining provider's opinions was inconsistent with the Treating Physician Rule, 20 C.F.R. § 404.1527(c). (Dkt. No. 32 at 3-4). The duty of the ALJ to "evaluate every opinion" the Commissioner receives and to generally give "more weight to the opinion of a source who has examined the [claimant] than the opinion of a source who has not examined the [claimant]" is well settled in Social Security law, and the Commissioner's position in this matter was not substantially justified. 20 C.F.R. § 404.1545, § 404.1527(c). Therefore, Plaintiff is entitled to an award under EAJA.

The Commissioner has asserted no challenge to the Plaintiff's requested hourly rate but has objected to the reasonableness of the attorney hours sought to be reimbursed in this matter and the lack of itemized documentation of the time expended by one of the attorneys working on this matter, Chuck Small. (Dkt. No. 35 at 6-8). The Court has carefully reviewed the information provided regarding the time expended by Plaintiff's lead attorney, Paul T. McChesney, and finds that time reasonable and appropriate. (Dkt. No. 34-3). The Court has also reviewed the paralegal time expended and the hourly rate requests of $ 180.00 per hour for attorney time and $ 90.00 per hour for paralegal time and find them all reasonable. The Court is, however, concerned by the paucity of detailed documentation of the time expended by Mr. Small as well as the amount sought to be reimbursed (32 hours). (Dkt. No. 34-4). After carefully considering the

scope and substance of this appeal and the time expended by Mr. McChesney and the paralegals in this appeal, the Court finds that Plaintiff should be reimbursed under EAJA for no more than 12 hours of Mr. Small's time. Thus, the Court approves an award of 13 hours of attorney time for Mr. McChesney's time at $180.00 per hour ($ 2,340), 12 hours for Mr. Small's time at $180.00 per hour ($ 2,160) and 7 hours of paralegal time at $ 90.00 per hour ($ 630.00), for a total award of $ 5,130.00. The Court finds such an award to be reasonable and authorized under applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court grants an attorney's fee award to Plaintiff under EAJA in the amount of $ 5,130.00. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to Plaintiff's counsel.

    AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 7, 2013